# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**GREGORY HOUSTON HOLT,** *et al.*                                             **PLAINTIFFS**
**ADC #129616**

v.                                   **CASE NO. 5:19-CV-00081-BSM**

**WENDY KELLEY,** *et al.*                                                       **DEFENDANTS**

## ORDER

After *de novo* review of the record, United States Magistrate Judge Jerome Kearney's recommended disposition [Doc. No. 74] is adopted in part and rejected in part. Plaintiffs' motion for summary judgment [Doc. No. 44] and defendants' motion for summary judgment [Doc. No. 41] are denied with respect to plaintiffs' Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims on the Arkansas Division of Corrections's (ADC) Jumu'ah and Kufi policies. Those claims for injunctive relief will continue to trial against defendants in their official capacities. Plaintiffs' motion for summary judgment [Doc. No. 44] is denied and defendants' motion for summary judgment [Doc. No. 41] is granted on all of plaintiffs' free exercise claims. Those claims are dismissed with prejudice.

## I. FACTS AND LEGAL STANDARD

The facts and legal standard are set out in the proposed findings and recommendations [Doc. No. 74].

II. DISCUSSION

A.      RLUIPA Claims

*1. RLUIPA Applies to the ADC*

RLUIPA applies to the ADC because it is a division of the Arkansas Department of Corrections ("ADOC"), which receives federal funding. Defs.' Resp. Mot. Summ. J. at 17, Doc. No. 56-2. *See Valachi v. Ashcraft*, 2020 WL 2892375 at n. 7 (E.D. Ark. Apr. 20, 2020) (ADC receives federal funding).

*2. Capacity*

Defendants are entitled to qualified immunity because there is not a "clearly established" right to separate Jumu'ah prayer services or to wear a Kufi. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Al-Kadi v. Ramsey Cty.*, 2019 WL 22448648 (D. Minn. June 12, 2019) (no clearly established right to wear religious apparel). Consequently, Section IV. A.2. of the proposed findings and recommendations [Doc. No. 74] is adopted. Plaintiffs may seek injunctive relief from the defendants sued in their official capacities for violations of RLUIPA. Defendants Burl, Earl, Bradshaw, and Straughn are dismissed because they are sued only in their individual capacities.

*3. Jumu'ah*

Plaintiffs' and defendants' motions for summary judgment are denied on plaintiffs' RLUIPA claim as to ADC's Jumu'ah policy because there are genuine issues of fact in dispute that must be decided by a fact-finder.

The ADC's Jumu'ah policy requiring traditional Muslims to pray with members of the Nation of Islam ("NOI") and Nation of Gods and Earths ("NGE") substantially burdens plaintiffs' sincere religious beliefs. *See Holt v. Hobbs*, 574 U.S. 352, 360–61 (2015). Defendants argue that the policy does not substantially burden plaintiffs' beliefs because plaintiffs do not challenge the policy itself, but instead challenge deviations from the policy, which are remedied when brought to the attention of ADC. Defs.' Resp. Mot. Summ. J. at 14. Plaintiffs, however, argue that the ADC policy burdens their religious beliefs because: (1) group prayer must be led by a Muslim to be effective; (2) the services led by NOI discuss race equity and black nationalism; (3) NOI leaders' prayers invalidate the Jumu'ah "by praying to Fard Muhammad and Clarence X and refusing to follow the way of the Prophet Mohammed;" and (4) NOI and NGE leaders conduct prayer services in a manner that conflicts with plaintiffs' religious beliefs. Pls.' Mot. Summ. J. at 6–8, Doc. No. 44-1. Plaintiffs argue that the policy and its application substantially burden their religious beliefs, and the reported deviations have not been remedied. *See* Pls.' Obj. at 9–11, Doc. No. 81.

Once plaintiffs have established that the policy substantially burdens their sincerely-held beliefs, the burden shifts to defendants to prove that the policy is the least restrictive means of furthering a compelling government interest. *Holt*, 574 U.S. at 362. There is a dispute of material fact as to whether the ADC's policy is the least restrictive means of furthering its interests in security, volunteer availability, ensuring the sanctity of the religious service, and plaintiffs' religious liberty. Defs.' Mot. Summ. J. at 42. This is true because

plaintiffs have provided testimony from Chaplain Bourgeois and Jim Babcock showing the ADC may be using the policy to control NOI adherents, which would indicate that its defense of the policy is pretextual. *Id.;* Pls.' Obj. at 14. Further, plaintiffs assert that the least restrictive means of promoting the ADC's policy would be to hold separate sectarian services. Doc. Nos. 16-14, 16-17, 16-20, 16-23, 16-24.

### *3. Kufi*

Plaintiffs' and defendants' motions for summary judgment are denied on plaintiffs' RLUIPA claim regarding the ADC's Kufi policy because there are genuine issues of fact in dispute that must be decided by a fact-finder.

Plaintiffs argue that ADC's religious headdress policy substantially burdens their sincerely-held religious belief that they must wear a Kufi at all times. Pls.' Mot. Summ. J. at 17. Defendants argue that the policy does not place a substantial burden on plaintiffs' religious beliefs because, in practice, plaintiffs are permitted to wear their Kufis in their cells and during most of the day, and Kufis are only prohibited in common areas. Defs.' Mot. Summ. J. at 40–41, Doc. No. 42.

When determining whether the ADC's policy places a substantial burden on plaintiffs' religious belief, the court does not inquire into the reasonableness of the belief. *Burell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 725 (2014). Plaintiffs believe they must wear a Kufi at all times, that belief is sincerely-held, and ADC's policy violates that belief, so the policy is a substantial burden. *See id.*

4

The ADC asserts that security is its compelling interest in preventing plaintiffs from wearing their Kufis in common areas. As examples, the ADC points to the fact that other inmates may steal or damage a Kufi, use them to identify as gang members, or hide contraband in them. In response, plaintiffs argue that the ADC's compelling reason is not narrowly tailored and that this argument is supported by *Holt*, which invalidated the ADC's beard policy, which had similar exceptions. In *Holt*, the Supreme Court agreed that the ADC had a compelling interest in "staunching the flow of contraband," but ultimately held that ADC already searches prisoners' hair and clothing. 574 U.S. at 365.

Without hearing live testimony, seeing the Kufis, and weighing all of the evidence, it is impossible to determine whether the ADC has satisfied its burden of showing that its policy is the least restrictive method of satisfying its compelling interest in security. Summary judgment is therefore denied, and this issue will be tried to the fact-finder.

B.  Free Exercise Claims

Section IV. B. of proposed findings and recommendations [Doc. No. 74] is adopted. Defendants' motion for summary judgment is granted on plaintiffs' free exercise claims, and plaintiffs' motion is denied on those claims.

IT IS SO ORDERED this 30th day of September, 2020.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE

5