**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**GREGORY HOUSTON HOLT,** *et al.*                                                **PLAINTIFFS**
**ADC #129616**

v.                              **CASE NO. 5:19-CV-00081-BSM**

**DEXTER PAYNE,** *et al.*                                                          **DEFENDANTS**

**ORDER**

This case was tried to the bench on November 3, 2021 through November 5, 2021. Having listened to the testimony and reviewed the exhibits introduced into evidence and the post-trial briefs, judgment is entered for defendants, and against plaintiffs.

I.  BACKGROUND

Plaintiffs Gregory Holt, Wade Stewart, and Rodney Martin are Muslim inmates suing the Arkansas Division of Corrections and its officers alleging that ADC's Jumu'ah prayer and religious headdress policies violate the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc, *et seq*. The remaining defendants are Dexter Payne, ADC's Director, Joshua Mayfield, ADC's Administrator of Chaplaincy Services, Andrea Culclager, former Superintendent of the Tucker Maximum Security Unit, and Tommy Bourgeois, Chaplain at the Tucker Maximum Security Unit.

Plaintiffs argue that ADC policy violates RLUIPA in two ways. First, they claim that ADC's religious services policy requires them to pray alongside members of the Nation of Islam ("NOI") and the Nation of Gods and Earths ("NGE") during Jumu'ah prayer, a Friday midday congregational prayer that is required by plaintiffs' religion. Plaintiffs contend this

violates their religion because they believe NOI and NGE adherents are not Muslims. Second, plaintiffs argue that ADC's religious headdress policy violates RLUIPA because it only allows them to wear their kufis, a brimless, short, and rounded religious head covering that is worn by some Muslims, during religious services. Plaintiffs believe their religion requires them to wear their kufis at all times.

It is uncontested that Holt and Stewart are covered under RLUIPA, that ADC policy permits a single Jumu'ah prayer service for Muslim inmates, and that ADC policy permits religious headdress only during religious services. The disputed facts are whether Martin is covered by RLUIPA, whether ADC policy substantially burdens plaintiffs' sincerely held religious beliefs, and if so, whether the policy is the least restrictive means of furthering a compelling government interest. *See Holt v. Hobbs*, 574 U.S. 352 (2015).

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiffs' claims for injunctive relief under RLUIPA are denied because ADC's Jumu'ah prayer and religious headwear policies do not substantially burden plaintiffs' sincerely held religious beliefs, and the policies are the least restrictive means of furthering ADC's compelling interest in security.

### A. Plaintiff Rodney Martin

Martin is covered by RLUIPA because he was in ADC custody at the time this case was filed, and although he was in Pulaski County Jail at the time of trial, his probation has been revoked and he is now back in ADC custody. ADC Inmate Search, Doc. No. 163-1.

B.     Jumu'ah Prayer Policy

All three plaintiffs testified that their religion requires them to engage in Jumu'ah prayer, and that their prayer is invalidated when NOI and NGE adherents attend the service or read a Khutbah. Notwithstanding this testimony, plaintiffs have not shown that these are sincerely held religious beliefs. This is true because Holt has not attended a Jumu'ah service in five years. And, Stewart attended the Day of Atonement celebration which is a NOI event held at the ADC. Finally, Martin has led Jumu'ah prayer services with NOI and NGE adherents in attendance and attends NOI and NGE events.

Even if plaintiffs' beliefs are sincerely held, ADC policy is not a substantial burden. ADC policies require a Jumu'ah prayer service to be held at each ADC unit every Friday afternoon. The prayer service includes a Quranic reading, selected by the Islamic coordinator, Chaplain Ameen, and read by either Chaplain Ameen, a free world volunteer, or an inmate designated by Chaplain Ameen as a "prayer leader." The Khutbah, or sermon, may not be led by an inmate, and because ADC does not have enough chaplains or volunteers, a videotaped Khubah, recorded by Chaplain Ameen, is shown following the prayer. Accordingly, because ADC Jumu'ah prayer policy requires the Islamic coordinator, not an inmate, to select the Quranic reading and does not allow inmates to lead the Khutbah, it does not substantially burden plaintiffs' religious beliefs.

To be sure, even if ADC's policy is a substantial burden on plaintiffs' sincerely held religious beliefs, the policy is the least restrictive means in serving its compelling interest in

security because ADC does not have the required staff or space to hold separate Jumu'ah services.

    C.    <u>Kufi Policy</u>

Although plaintiffs testified that their religion requires them to wear their kufis at all times, they have failed to show that this is a sincerely held religious belief. This is true because Stewart testified that he would like the option to wear his kufi at all times but "[s]ometimes [he] would make a choice" not to wear his kufi. Stewart 304:24–305:5. Despite his previous deposition testimony that a kufi is not required by the Quran, Martin testified at trial that he has since learned and now believes that the Quran requires him to wear his kufi at all times. Holt also testified that the Quran does not require Muslims to wear kufis.

Even if plaintiffs' sincerely believe that their religion requires them to wear a kufi at all times, defendants have met their burden of showing that the religious headdress policy is the least restrictive means of furthering a compelling government interest. *See Holt*, 574 U.S. at 362. Although policy does not permit inmates to wear kufis outside religious services, defendants testified that ADC informally allows inmates to wear kufis in their individual cells and at times allows them to be worn in barracks. Holt testified that he wears his kufi in his cell, approximately 22 hours a day, and would be permitted to wear it outside his cell during religious services if he were to attend.

Nonetheless, even if the policy itself is a substantial burden, ADC has a compelling

government interest in security, and the ADC's religious headdress policy and practices, are the least restrictive means of meeting that interest. ADC does not have sufficient staff or security to perform the additional searches that would be required if religious headwear is permitted throughout its facilities.

### III. CONCLUSION

For the foregoing reasons, plaintiffs' complaint is dismissed.

IT IS SO ORDERED this 21st day of March, 2022.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE