**United States Court of Appeals**
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

5:19-cv-00081-BSM

November 02, 2023

Mr. Gadeir Ibrahim Abbas
CAIR LEGAL DEFENSE FUND
453 New Jersey Avenue, S.E.
Washington, DC  20003

---

**FILED**

U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

Nov 02, 2023

Tammy H. Downs, Clerk

By: JohnHibbs D.C.

DEP CLERK

---

    RE:  22-1809  Gregory Holt, et al v. Dexter Payne, et al

Dear Counsel:

    The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion.

    Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. Except as provided by Rule 25(a)(2)(iii) of the Federal Rules of Appellate Procedure, no grace period for mailing is allowed. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

                    Michael E. Gans
                    Clerk of Court

NDG

Enclosure(s)

cc:    Ms. Yael Bortnick
       Mr. Daniel Lawrence Chen
       Ms.  Clerk, U.S. District Court, Eastern District of Arkansas
       Mr. Timothy Cornell
       Ms. Katherine A. Donoven
       Mr. John Friend
       Ms. Adele Auxier Keim
       Mr. H Douglas Laycock
       Ms. Lena F. Masri
       Mr. Samuel McLelland
       Mr. James D Rankin III
       Mr. Mark Leonard Rienzi

Mr. Nicolas Y. Riley
Mr. Justin Mark Sadowsky
Ms. Abigail Smith
Ms. Sarah Tacker
Mr. Noah P. Watson

District Court/Agency Case Number(s):   5:19-cv-00081-BSM

# United States Court of Appeals
### *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
www.ca8.uscourts.gov

November 02, 2023

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

　　　RE:　22-1809　Gregory Holt, et al v. Dexter Payne, et al

Dear Sir or Madam:

　　　A published opinion was filed today in the above case.

　　　Counsel who presented argument on behalf of the appellants and appeared on the brief was Gadeir Ibrahim Abbas, of Washington, DC. The following attorneys also appeared on the appellant brief;  James D Rankin, III, of Little Rock, AR.,  Sarah Tacker, of Little Rock, AR.,  Lena F. Masri, of Washington, DC.,  Douglas Laycock, of Charlottesville, VA.,  Justin Mark Sadowsky, of Washington, DC., and Samuel McLelland, of Little Rock, AR.

　　　Counsel who presented argument on behalf of the appellees and appeared on the brief was Katherine A. Donoven, AAG, of Little Rock, AR.

　　　Counsel who presented argument on behalf of the amicus party United States of America, in support of the appellants, and appeared on the amicus brief was Yael Bortnick, of Washington, DC.  The following attorney also appeared on the amicus brief of the United States of America:  Nicolas Y. Riley, of Washington, DC.

　　　Counsel who represented the amicus party The Becket Fund for Religious Liberty in support of the appellants, was Adele Auxier Keim, of Washington, DC., Mark Leonard Rienzi, of Washington, DC., Daniel Lawrence Chen, of Washington, DC., and Abigail Smith, of Washington, DC.,

　　　Counsel who represented the amicus party Dr. Abdullah Ali in support of the appellants was Timothy Cornell, of Boston, MA., and John Friend, of Louisville, KY.

　　　The judge who heard the case in the district court was Honorable Brian S. Miller.

If you have any questions concerning this case, please call this office.

Michael E. Gans
Clerk of Court

NDG

Enclosure(s)

cc:  MO Lawyers Weekly

District Court/Agency Case Number(s):  5:19-cv-00081-BSM

# United States Court of Appeals
## For the Eighth Circuit

---

No. 22-1809

---

Gregory Houston Holt, also known as Abdul Maalik Muhammad; Rodney Martin; Wayde Earl Stewart

*Plaintiffs - Appellants*

v.

Dexter Payne, Director, Arkansas Department of Corrections, in his official capacity only; Dale Reed, Chief Deputy Director, Arkansas Department of Correction, in his official capacity only; Joshua Mayfield, Administrator of Religious Services, Arkansas Department of Correction, in his official capacity only; Aundrea Culclager, Warden, Tucker Maximum Security Unit, Arkansas Department of Correction, in her official and individual capacities; Tommy Bourgeois, Chaplain, Tucker Maximum Unit, Arkansas Department of Correction, in his official and individual capacities

*Defendants - Appellees*

Danny Burl; Earl DeAngelo; Tom Bradshaw

*Defendant*s

William Straughn, Deputy Director of Institutions, (formerly, Warden, Cummins Unit)

*Defendant - Appellee*

Jim Babcock

*Defendant*

------------------------------

United States; The Becket Fund for Religious Liberty; Dr. Abdullah Ali

*Amici on Behalf of Appellant(s)*

—————

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

—————

Submitted: January 11, 2023
Filed: November 2, 2023
[Published]

—————

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

—————

PER CURIAM.

Gregory Holt, Wade Stewart, and Rodney Martin sued the Arkansas Division of Corrections (ADC), alleging its policies violate the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc. After a bench trial, the district court dismissed the complaint. It found that their religious beliefs were not sincerely held; that even if they were sincerely held, the policies did not substantially burden those beliefs; and that even if there was a substantial burden, the policies were the least restrictive means to further ADC's compelling interests. Holt, Stewart, and Martin (collectively, Plaintiffs) appeal.

I.

Plaintiffs are in the custody of ADC. They believe that, as Muslim men, they are required by their religion to wear kufis at all times and to participate in congregational Jumu'ah prayer. ADC's policies allow Plaintiffs to wear kufis only during religious services and provide only one Jumu'ah service, which is attended

-2-

by Muslims as well as members of the Nation of Islam (NOI) and the Five-Percent Nation or Nation of Gods and Earths (NGE). Plaintiffs believe their faith prohibits them from participating in Jumu'ah prayer alongside NOI and NGE members. They allege that praying with these other groups invalidates their prayer and the Jumu'ah service. According to Plaintiffs, ADC's single-service Jumu'ah policy compels them to violate their faith by forcing them to choose between either abstaining from Jumu'ah prayer or congregating with the NOI and NGE.

Plaintiffs sued ADC, alleging, in relevant part, that ADC's policies impose a substantial burden on the exercise of their religion in violation of RLUIPA. See 42 U.S.C. § 2000cc. After a bench trial, the district court dismissed the complaint with prejudice, finding that neither the single-service Jumu'ah policy nor the religious headdress policy substantially burdens Plaintiffs' sincere religious beliefs. In the alternative, the court concluded that the policies are the least restrictive means to further ADC's compelling security interests.

## II.

"After a bench trial, a district court 'must find the facts specially and state its conclusions of law separately.'" Johnson v. Hutchinson, 44 F.4th 1116, 1120 (8th Cir. 2022) (quoting Fed. R. Civ. P. 52(a)). "The findings of fact and conclusions of law should be such that they 'furnish this Court with a clear understanding of the grounds upon which the district court based its decision.'" Fogarty v. Piper, 767 F.2d 513, 515 (8th Cir. 1985) (quoting Cross v. Pasley, 267 F.2d 824, 826 (8th Cir. 1959)).

We review the district court's findings of fact for clear error, and its conclusions of law, and mixed questions of law and fact, de novo. See Meecorp Capital Mkts., LLC v. PSC of Two Harbors, LLC, 776 F.3d 557, 562 (8th Cir. 2015). "Ideally, findings of fact should be clear, specific, and complete." Leonard v. Dorsey & Whitney LLP, 553 F.3d 609, 613 (8th Cir. 2009) (quoting 9C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2579, at 330 (3d ed. 2008)). "[T]he court need not address every piece of evidence or dispute[]." Johnson, 44

-3-

F.4th at 1120. To avoid remand, however, the district court's findings must be "sufficient to indicate the factual basis for its ultimate conclusion." SquirtCo. v. Seven-Up Co., 628 F.2d 1086, 1092 (8th Cir. 1980) (citation omitted). A trial court must also correctly apply the governing rule of law. See Leonard, 553 F.3d at 613 (observing that this court retains its "power to correct errors of law, including those that may infect a so-called mixed finding of law and fact, or a finding of fact that is predicated on a misunderstanding of the governing rule of law." (quoting Bose Corp. v. Consumers Union of U.S., Inc., 466 U.S. 485, 501 (1984))).

III.

RLUIPA "aim[s] to ensure 'greater protection for religious exercise than is available under the First Amendment.'" Ramirez v. Collier, 595 U.S. 411, 424 (2022) (quoting Holt v. Hobbs, 574 U.S. 352, 357 (2015) (Holt I)).

> RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution"—including state prisoners—"even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."

Id. (alteration in original) (quoting 42 U.S.C. § 2000cc-1(a)).

Plaintiffs bear the initial burden of showing that their sincere religious beliefs are substantially burdened by the challenged policies. See id.; Native Am. Council of Tribes v. Weber, 750 F.3d 742, 749 (8th Cir. 2014). A belief is not required to "fit squarely with the orthodoxy" of a religion to be sincere. Love v. Reed, 216 F.3d 682, 688 (8th Cir. 2000) (quoting Thomas v. Rev. Bd. of the Ind. Emp. Sec. Div., 450 U.S. 707, 715–16 (1981)); see Weber, 750 F.3d at 750 ("[The inquiry of] what is or is not central to a particular religion has no place in an RLUIPA analysis." (first citing 42 U.S.C. § 2000cc-5(7)(A) ("The term 'religious exercise' includes any

-4-

exercise of religion, whether or not compelled by, or central to, a system of religious belief"); then citing <u>Hernandez v. Comm'r of Internal Revenue</u>, 490 U.S. 680, 699 (1989))). Similarly, perfect adherence to burdened beliefs is not required for a successful RLUIPA claim. <u>Cf.</u> <u>Love</u>, 216 F.3d at 688 ("It is not the place of the courts to deny a man the right to his religion simply because he is still struggling to assimilate the full scope of its doctrine."). A policy that compels an inmate to choose between violating his religious beliefs or violating the policy and incurring disciplinary action imposes a substantial burden. <u>Holt I</u>, 574 U.S. at 361.

If Plaintiffs meet their initial burden, the burden then shifts to ADC to demonstrate that each policy is "the least restrictive means of furthering a compelling governmental interest." <u>Ramirez</u>, 595 U.S. at 425; <u>Holt I</u>, 574 U.S. at 365 ("If a less restrictive means is available for the Government to achieve its goals, the Government must use it." (cleaned up)). When other prisons offer a particular accommodation, a prison must, at least, "offer persuasive reasons why it believes that it must take a different course." <u>Holt I</u>, 574 U.S. at 369 ("We do not suggest that RLUIPA requires a prison to grant a particular religious exemption as soon as a few other jurisdictions do so. But when so many prisons offer an accommodation, a prison must, at a minimum, offer persuasive reasons why it believes that it must take a different course.").

A.

As to the single-service Jumu'ah policy, the district court found Plaintiffs' belief that they are prohibited from congregating with the NOI and NGE during Jumu'ah prayer was not sincerely held. The court relied on testimony that Holt had not attended Jumu'ah prayer services for five years; that Stewart had attended a separate non-Jumu'ah NOI event; and that Martin led Jumu'ah services with NOI and NGE members in attendance. In doing so, however, the court relied on a misunderstanding as to what the governing law requires to show a belief is sincerely held—perfect adherence to burdened beliefs is not required. <u>Cf.</u> <u>Love</u>, 216 F.3d at

-5-

688. Plaintiffs' inconsistent attendance at services alone cannot render their religious belief insincere.

Plaintiffs also asserted that the single-service policy is a substantial burden on their religious beliefs because their religion tells them they cannot congregate in worship with the NOI and NGE. The district court concluded otherwise, focusing on the fact that the Islamic Coordinator, not an ADC inmate, selects readings for the service and leads the khutbah. But this was a misreading of Plaintiffs' religious beliefs. Plaintiffs assert that the policy substantially burdens the exercise of their religion because their religion prohibits them from praying with NOI or NGE adherents, and it prohibits them from being led in prayer by NOI or NGE adherents. Either situation, in their view, invalidates the Jumu'ah prayer. The core of Plaintiffs' complaint is that the single-service policy forces them to choose between abstaining from Jumu'ah or congregating with NOI and NGE members—both of which violate their religious beliefs. The district court did not address whether the policy was a substantial burden on this broader belief.

Addressing the least restrictive means, the district court found that ADC lacks the staff and space for separate Jumu'ah services. But Plaintiffs proposed alternatives, including utilizing other available spaces, partitioning the same space, and scheduling two Jumu'ah services in the same space at different times. The district court neither addressed these proposed alternatives to determine whether they were available or would effectively address ADC's compelling security interests, nor addressed whether the prison's reasons for refusing to offer an accommodation were persuasive in light of the evidence that other prisons are able to do so. Correctly applying the governing law to Plaintiffs' challenge requires that the court do so. See Holt I, 574 U.S. at 365 (discussing requirement that government use less restrictive means to achieve its goals if such means are available); see also id. at 369.

B.

As to the religious headdress policy, the district court found Plaintiffs did not have a sincerely held belief that they must always wear a kufi. The court relied on testimony from Stewart that he sometimes chooses not to wear a kufi and conflicting testimony from Martin and Holt about whether the Qur'an in fact requires Muslims to wear kufis. Again, RLUIPA does not require perfect adherence to burdened beliefs. Cf. Love, 216 F.3d at 688. Nor must Plaintiffs provide a justification based in religious text for a belief to be sincerely held. See Weber, 750 F.3d at 750; Holt I, 574 U.S. at 362. On the contrary, "[we] have consistently said that in the context of a RLUIPA claim, '[n]o "doctrinal justification" is required to support the religious practice allegedly infringed.'" Weber, 750 F.3d at 750 (alteration in original) (quoting Gladson v. Iowa Dep't of Corr., 551 F.3d 825, 833 (8th Cir. 2009)).

The district court also found that ADC's religious headdress policy did not substantially burden Plaintiffs' beliefs because ADC informally allows them to wear kufis in violation of the policy. But even if ADC does not enforce it consistently, the policy expressly prohibits Plaintiffs from wearing their kufis except during religious services. It is *that* limitation, according to Plaintiffs, which burdens their belief that they must wear a kufi at all times. See Holt I, 574 U.S. at 361 (finding policy compelling inmate to choose between violating his religious beliefs or violating the policy and incurring disciplinary action to be substantially burdensome).

The district court also found that ADC's religious headdress policy was the least restrictive means of furthering its compelling security interest because ADC lacks the staff to perform the additional searches that ADC argues would be required if Plaintiffs were permitted to wear kufis throughout its facilities. But Plaintiffs proposed alternatives, including the use of mesh kufis to facilitate security searches, which neither ADC nor the district court addressed. See Weber, 750 F.3d at 751. Plaintiffs and amici also note that nineteen state prisons and the Federal Bureau of Prisons have maintained security while allowing inmates to wear kufis at all times. Although ADC raised security concerns in response to Plaintiffs' requests and

-7-

proposed alternatives, given the widespread practice of allowing headwear in prisons, the prison will need to assert not only a compelling interest to justify its policy, but also "persuasive reasons why it believes that it must take a different course" than the prisons who offer similar accommodations. Holt I, 574 U.S. at 369.

IV.

In light of the foregoing, we vacate the judgment and remand this case to the district court for further proceedings.[1]

On remand, the district court will have the opportunity to apply the appropriate law to the full record as developed at the bench trial in order to determine whether Plaintiffs' beliefs are sincerely held and, if so, whether ADC's policies impose a substantial burden on one, both, or neither belief. See id. at 356 ("Congress enacted RLUIPA . . . 'in order to provide very broad protection for religious liberty.'" (quoting Burwell v. Hobby Lobby Stores, Inc., 573 U.S. 682, 693 (2014))). Because ADC has asserted that both policies are the least restrictive means of furthering its compelling security interests, the district court should also address whether that is true after considering Plaintiffs' proposed alternatives.

_____

[1]We also strike Stewart's motion to amend the complaint, as Stewart is represented by counsel.

-8-